

FILED
Dec 19, 2018
02:10 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD
### (HEARD NOVEMBER 27, 2018, AT KNOXVILLE)

| | | |
|---|---|---|
| Rick O. Muncy | ) | Docket No. 2017-03-0447 |
| | ) | |
| v. | ) | State File No. 54717-2016 |
| | ) | |
| Premium Distributors, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Lisa A. Lowe, Judge | ) | |

---

### Affirmed and Remanded - Filed December 19, 2018

---

This interlocutory appeal arises from the employee's request to return to the authorized treating physician for an evaluation of his low back, which the employee contends he injured in a July 2016 work accident in which he also reported injuring his upper extremities. The employer refused to authorize the evaluation, asserting that the employee's low back complaints resolved soon after the work accident and that the employee's current low back symptoms did not arise primarily out of the work injury. Following an expedited hearing, the trial judge ordered the employer to authorize a return visit with the physician to evaluate and treat any work-related back injury. The employer has appealed. We conclude the preponderance of the evidence supports the trial judge's determination, affirm the expedited hearing order granting medical benefits, and remand the case.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Alex B. Morrison and Tiffany B. Sherrill, Knoxville, Tennessee, for the employer-appellant, Premium Distributors, Inc.

Ameesh A. Kherani, Knoxville, Tennessee, for the employee-appellee, Rick O. Muncy

### Factual and Procedural Background

Rick Muncy ("Employee") was a delivery truck driver for Premium Distributors, Inc. ("Employer"). On July 14, 2016, he reported injuries to his elbows and low back

after unloading ice cream from his delivery truck. Employer accepted Employee's claim and provided a panel of primary care providers from which Employee selected Farragut Family Practice. Employee's first visit was on July 19, 2016 with a family nurse practitioner. The initial medical report stated Employee was delivering ice cream "with a very heavy crate and dolly" when "[h]e felt a pain and pulling in both elbows that morning." The report additionally stated that Employee was able to continue working that day and noted "[h]e had a little bit of low back pain at that time." Further, the report stated that his pain worsened in his elbows as the day went on, that he was "still having pain in both elbows whenever he lifts something," and that "[i]t has been slowly improving and has resolved now."

A separate document titled Worker's Compensation Examination and Report ("workers' compensation report"), which was also signed by the nurse practitioner on the date of Employee's initial visit, described a "lifting" injury resulting in a "pulled elbow tendon [and] muscles [in] lower back." It stated Employee "felt a pull in both elbows" in the early morning, and that he continued to work. It additionally stated that Employee "[f]elt some low back pain as well" that was "[s]till painful [with] lifting," that his back pain had improved, that he had been off work since the injury date, and that he had "no pain now." Both of the documents addressing Employee's initial medical examination indicated Employee was released to work with restrictions of no lifting, pushing, or pulling greater than 20 pounds.

The record on appeal includes reports of three additional visits to Farragut Family Practice. The reports for these three visits are limited to workers' compensation reports, each of which includes the signature of Dr. Gerald Russell.[1] The report of Employee's second visit on July 25, 2016 included a description of the injury as "hurt lower back and both arms." It indicated that Employee had been off work since his last visit, that he was "better," and that his physical examination revealed "mild tenderness over [his] back" and "medial epicondylitis." Employee's work restrictions were modified at this visit, limiting lifting to no more than five pounds with "either arm."

The report of Employee's third visit on August 1, 2016, which described a low back injury "due to heavy repeated lifting," indicated Employee was better overall and stated that, although he reported having "some discomfort," he felt he could "do his job." Employee was returned to work and advised to "use elbow supports/bands" and to follow up in a week to "determine performance levels." The report of Employee's final visit the

---

[1] Although the trial court held an in-person evidentiary hearing, Employee testified by affidavit, and there was no in-person testimony. We have gleaned the facts from Employee's affidavit and other documentary evidence admitted at the expedited hearing. Each of the workers' compensation report forms for Employee's four visits to Farragut Family Practice includes handwritten entries and Employee's signature. The record does not disclose what information included in these reports, if any, was written by Employee and what information was written by Dr. Russell, the family nurse practitioner, or others on the staff at Farragut Family Practice.

following week also described injuries to Employee's "lower back and both arms" due to heavy lifting. It further stated that Employee was "back at work wearing arm bands." Employee was released to return to work without restrictions at the August 10, 2016 visit.

Employee treated with Dr. Robert Ivy for his elbow complaints. The record does not include the reports of Employee's treatment with Dr. Ivy but does include a Form C-30A Final Medical Report signed by Dr. Ivy on December 20, 2017. It indicates Dr. Ivy thought Employee had a 3% whole body permanent impairment as a result of his work-related injuries. The parties stipulated that Dr. Ivy provided authorized treatment for Employee's elbow complaints.

In January 2018, Employee filed a petition requesting medical treatment for his back. Employer denied that Employee's low back symptoms resulted from the 2016 work incident and denied authorization for Employee to return to Dr. Russell. Employee requested an expedited hearing and filed his affidavit in support of his request. The trial judge scheduled the hearing for August 22, 2018. On August 6, 2018, Employer filed a "medical questionnaire" with the court consisting of two questions presented to Dr. Russell and Dr. Russell's signed responses. The "medical questionnaire" asked:

Based on your evaluation and treatment of [Employee], is it your opinion to a reasonable degree of medical certainty that [Employee's] current complaints remain a primary result [of] his alleged July 14, 2016 work-accident?

If yes, please explain how his current low back complaints are primarily related to his 2016 injury and whether he requires any ongoing medical care as a result.

Dr. Russell checked "No" in response to the first question, but nonetheless included the following in response to the second question:

His primary complaint on 7-19-16 included his elbows. He did mention low back pain. Most of his visits until his release on 8/10/16 were related to his elbow pain.

At the expedited hearing, Employee introduced his affidavit into evidence stating that he "sustained injuries to [his] low back," that he had "been seen by Dr. Ivy relative to [his] upper extremity injuries," and that he "continue[d] to remain symptomatic relative to [his] low back injury and [needed] treatment relative to [his] low back injury." The affidavit further stated that Employee requested "an appointment . . . to be seen by Dr. Gerald Russell relative to [his] low back symptoms," and that "Employer refused to provide an appointment . . . for [his] back injury." Employer offered no testimony or

3

documentary evidence questioning the statements in Employee's affidavit. No in-person testimony was presented at the hearing.

The trial judge determined that Employee had met his burden of establishing his entitlement to a return visit with Dr. Russell. Noting that Dr. Russell had last seen Employee "two years ago," the trial judge questioned how Dr. Russell could know what Employee's current complaints were and how he could assess whether the complaints are related to the work injury "when he last saw [Employee] so long ago." Stating that "Dr. Russell's causation opinion is presumed correct," the trial judge nonetheless "reject[ed] the presumption," determining that Dr. Russell's statement in the questionnaire acknowledging that Employee mentioned back pain was "non-responsive or at least non-determinative of whether [Employee] sustained a work-related back injury that currently necessitates treatment." Concluding that whether Employee's alleged back complaints resulted from a compensable injury "has yet to be determined," the trial judge ordered Employer to provide Employee a return visit to Dr. Russell "to evaluate and treat any work-related back injury." Employer has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2018). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded to the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2018).

**Analysis**

Employer contends the preponderance of the evidence does not support the trial judge's determination. It contends the medical proof is undisputed and establishes that Employee's low back complaints had resolved shortly after the work incident and that Employee's current low back symptoms did not arise primarily out of his employment. We disagree.

4

In *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015), we concluded that, at an expedited hearing, an employee need not prove each and every element of his or her claim by a preponderance of the evidence in order to obtain temporary disability benefits or medical benefits. Instead, we emphasized that an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits consistent with Tennessee Code Annotated section 50-6-239(d)(1). *Id.* Thus, while an injured worker retains the burden of proof at all stages of a workers' compensation claim, a trial judge can grant relief at an expedited hearing if the judge is satisfied that an employee has met the burden of showing that he or she is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1).

In the present case, all of the determinations of the weight and credibility of the proof have to be taken from documentary evidence as there was no oral testimony at the expedited hearing. When the issues involve expert medical opinions contained in documentary evidence, a reviewing court may draw its own conclusions with regard to the weight and credibility of those opinions. *See Madden v. Holland Grp. of Tenn.*, 277 S.W.3d 896, 900 (Tenn. 2009). Likewise, when evidence is presented to a trial judge in the form of an affidavit and other documentary evidence, the reviewing court must reach its own conclusions about the weight afforded to the evidence. *See Glisson v. Mohon Int'l., Inc.*, 185 S.W.3d 348, 353 (Tenn. 2006). A trial judge occupies no better position than an appellate court in reviewing and interpreting documentary evidence. *See Umanzor v. Zurich Am. Ins. Co.*, No. W2012-02568-WC-R3-WC, 2014 Tenn. LEXIS 277, at *16 n.3 (Tenn. Workers' Comp. Panel Apr. 10, 2014). There is, however, a presumption that the findings and conclusions of the trial judge are correct, unless the preponderance of the evidence is otherwise. Tenn. Code Ann. § 50-6-239(c)(7).

Here, it is undisputed that Employee was involved in a specific work-related incident and that he voiced complaints of upper extremity pain and low back pain at his initial medical visit, although the records of that visit indicate Employee reported his low back complaints had improved and he had "no pain now." The parties stipulated that the incident occurred on July 14, 2016, and that Employee gave proper notice of the work-related injury. Employee's affidavit stated that he "continue[d] to remain symptomatic relative to [his] low back injury and [needed] treatment relative to [his] low back injury." Employer presented nothing to contradict the assertions in Employee's affidavit.

Instead, Employer relies on the questionnaire sent to Dr. Russell in which he checked "[n]o" to the question asking whether Employee's "current complaints remain a primary result [of] his alleged July 14, 2016 work-accident." Employer asserts this is a causation opinion concerning Employee's low back injury to which the statutory presumption of correctness applies and that Employee failed to offer any medical opinion addressing causation. Focusing on the precise question presented to Dr. Russell inquiring

5

about "current complaints," and noting that Dr. Russell "last saw [Employee] two years ago," the trial judge concluded that Dr. Russell's responses were "non-determinative of whether [Employee] sustained a work-related back injury that currently needs treatment." The trial judge concluded that the compensability of Employee's alleged back complaints "has yet to be determined," and that Employee "presented sufficient evidence entitling him to evaluation by Dr. Russell for treatment of any work-related back injury." We agree.

The reports for each of Employee's four visits with the authorized medical provider reference Employee's complaints to his elbow, arm, and low back. The initial reports, dated five days after the work incident, noted that although Employee "[f]elt some low back pain," his back pain had improved and there was "no pain now." The report of the following visit indicated "mild tenderness over back," and the questionnaire that Dr. Russell responded to almost two years later in June 2018 stated that while "[m]ost of [Employee's] visits until his release on 8/10/16 were related to his elbow pain," he "did mention low back pain." The question presented to Dr. Russell to which he responded "[n]o" did not differentiate between Employee's current upper extremity complaints and his current low back complaints.

"In evaluating expert medical opinions, a trial judge may consider, among other things, the qualifications of the experts, the circumstances of their evaluation, the information available to them, and the evaluation of the importance of that information by other experts." *Venable v. Superior Essex, Inc.*, No 2015-0005-0582, 2016 TN Wrk. Comp. App. Bd. LEXIS 56, at *6 (Tenn. Workers' Comp. App. Bd. Nov. 2, 2016). "Trial courts have broad discretion to determine whether to accept or reject the opinion of a proffered expert," *Cobb v. Henry I. Siegel, Inc.*, No. W2000-02656-WC-R3-CV, 2001 Tenn. LEXIS 762, at *5 (Tenn. Workers' Comp. Panel Oct. 24, 2001), and we will not substitute our determination of the weight to be accorded an expert opinion absent an abuse of discretion by the trial judge. Moreover, in reviewing a trial judge's exercise of discretion, we presume the trial judge's decision is correct and review the evidence in a light most favorable to upholding the decision. *Lovlace v. Copley*, 418 S.W.3d 1, 16-17 (Tenn. 2013).

In evaluating the questions presented to Dr. Russell and his responses, the trial judge considered what information was available to Dr. Russell at the time of his 2018 responses, noting particularly that the evaluations and treatment upon which Dr. Russell based his responses occurred almost two years before he responded to the questionnaire. Dr. Russell was not asked whether Employee suffered a low back injury that arose primarily out of the July 2016 work incident or whether his current low back complaints arose primarily from the 2016 work incident. Rather, Dr. Russell was asked whether Employee's "current complaints remain a primary result [of]" the 2016 work incident. The trial judge questioned how Dr. Russell could know what Employee's "current complaints" are and how he could assess whether those complaints remain a primary

6

result of the 2016 incident when he had not seen Employee in so long. Considering the circumstances of Dr. Russell's evaluations and the limited information available to him when he responded to the questionnaire, the trial judge did not accept Dr. Russell's opinion, noting that the doctor confirmed that Employee "did mention low back pain" at the time of his initial evaluation. As stated by the trial judge, Dr. Russell's response indicating Employee "mentioned back pain but that most of the visits related to his elbow pain" was "non-responsive or at least non-determinative of whether [Employee] sustained a work-related back injury that currently necessitates treatment."

Moreover, the manner in which the question is posed makes Dr. Russell's response ambiguous. The question asks whether the "current complaints" are related to the work injury. One could conclude Employer intended to ask about both elbow and low back complaints, as the question does not differentiate between the two. However, Employer acknowledges that Employee sustained a compensable elbow injury for which it is responsible for providing treatment. To accept Employer's position that Dr. Russell provided a medical opinion to which a presumption of correctness should be given would require us to infer the question concerns Employee's low back complaints only.

Rather, consistent with the trial court, we conclude Dr. Russell's responses to be non-determinative of the issue in this appeal. The questions and Dr. Russell's answers do not provide a sufficiently definite causation opinion to which a presumption of correctness can attach. The ambiguity and vagueness of the questions render the questionnaire worthy of little weight. Accordingly, we conclude there was no abuse of discretion by the trial judge in rejecting Dr. Russell's opinion.

## Conclusion

The evidence does not preponderate against the trial judge's determination that Employee is entitled to return to the authorized physician for evaluation and treatment of any low back injury causally related to the July 14, 2016 work accident. Accordingly, the order granting medical benefits is affirmed, and the case is remanded.



| Rick O. Muncy | ) | Docket No. 2017-03-0447 |
| | ) | |
| v. | ) | State File No. 54717-2016 |
| | ) | |
| Premium Distributors, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Lisa A. Lowe, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 19th day of December, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|------|----------------|------------------|---------|------------|-----------|----------|
| Ameesh A. Kherani | | | | | X | akherani@davidhdunaway.com |
| Alex B. Morrison | | | | | X | abmorrison@mijs.com |
| Tiffany B. Sherrill | | | | | X | tbsherrill@mijs.com |
| Lisa A Lowe, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov